JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT NINE WEST HOLDINGS, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGIA PRZYBYLSKA,<br><br>    Plaintiff,<br><br>vs.<br><br>NINE WEST HOLDINGS, INC.; KAREN CURIONE; TAMMY LANDERS; JOHN & JANE DOE(S) 1-10; AND XYZ CORPORATION(S) 1-10,<br><br>    Defendant. | Civil Action No.<br><br><br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, MERCER COUNTY** |

To:

William T. Walsh, United States District Court, District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Stephan T. Mashel, Esq.
MASHEL LAW, L.L.C
500 Campus Drive, Suite 303
Morganville, NJ 07751

Defendant, Nine West Holdings, Inc. (hereinafter "Nine West" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition For Removal of a Case from the Superior Court of New Jersey, Law Division, Mercer County, bearing Docket No. MER-L-7-16, and as grounds for removal allege as follows:

1.     On January 4, 2015, Plaintiff Ligia Przybylska ("Plaintiff") filed a civil action in Ligia Przybylska v. Nine West Holdings, Inc., et al., Docket No. MER-L-7-16, pending in the Superior Court of New Jersey, Law Division, Mercer County. A true and correct copy of the summons and complaint are annexed hereto as Exhibit "A." The summons and complaint

were the initial pleadings received by Defendant allegedly setting forth the claims upon which Plaintiff's action is based.

2.      Defendant Nine West received a copy of the summons and complaint on January 14, 2016, within thirty (30) days of the filing of the notice and petition for removal.

3.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has effected removal within thirty (30) days of receipt by them of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

4.      Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

5.      In the Complaint, Plaintiff alleges, *inter alia*, that Defendant violated her rights under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111 and Pennsylvania Human Relations Act (PHRA). (See Exhibit A, Complaint).

6.      Accordingly, this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331 by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the ADA, 42 U.S.C. § 12111 *et seq*.

7.      Pursuant to 28 U.S.C. §1441(a), this action may be removed to this Court because it is founded, in part, on claims or rights arising under the laws of the United States.

8.      Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

## VENUE

9.       Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because this is the judicial district in which the alleged discrimination occurred.

## NOTICES

10.      Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Mercer County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890


By:    /s/ John F. Tratnyek
       John F. Tratnyek
       ATTORNEYS FOR DEFENDANT
       NINE WEST HOLDINGS, INC.


Dated: February 4, 2016

4811-2412-5485, v. 1

3

# EXHIBIT A

**MASHEL LAW, L.L.C.**
**500 Campus Drive, Suite 303**
**Morganville, New Jersey 07751**
**(732) 536-6161**
**Attorneys for Plaintiff Ligia Przybylska**

**By: Stephan T. Mashel, Esquire**
    **Attorney I.D. No. 03185-1986**

| | |
|---|---|
| LIGIA PRZYBYLSKA,<br><br>                    Plaintiff,<br><br>v.<br><br>NINE WEST HOLDINGS, INC.; KAREN CURIONE; TAMMY LANDERS; JOHN & JANE DOE 1-10; XYZ CORPORATION (1-10),<br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO: MER-L-7-16<br><br>        **Civil Action**<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY**
**TO:**
**NINE WEST HOLDINGS, INC.**

    **YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney for the plaintiff(s), whose name and office appears above, an answer to the attached complaint within 35 days after service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer the Complaint, a judgment may be entered against you for the relief demanded, plus interest and costs of suit. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof with the Clerk of the Superior Court, Mercer County located at 175 South Broad Street, Trenton New Jersey in accordance with the rules of civil practice and procedure.

    If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. The phone number for the county in which this action is pending is:    (609) 695-6249

                                  *Michelle M. Smith* /s/
Dated: January 11, 2016                    Michelle M. Smith

Name of Defendant to be served:       NINE WEST HOLDINGS, INC.
                                       c/o Corporation Service Company
                                       830 Bear Tavern Road
                                       West Trenton, New Jersey  08628



**FILED**

**JAN 04 2016**

SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

**MASHEL LAW, L.L.C.**
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
(732) 536-6161
Attorneys for Plaintiff

By:  **STEPHAN T. MASHEL, ESQUIRE**
N.J. ID. No.: 031851986

| | |
|---|---|
| LIGIA PRZYBYLSKA,<br><br>Plaintiff,<br><br>v.<br><br>NINE WEST HOLDINGS, INC.;<br>KAREN CURIONE; TAMMY<br>LANDERS; JOHN & JANE<br>DOE(S) 1-10; and XYZ<br>CORPORATION(S) 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO:  $L$ - $7$ - $16$<br><br>**Civil Action**<br><br>COMPLAINT AND JURY DEMAND; NOTICE<br>PROHIBITING SPOLIATION OF EVIDENCE;<br>DEMAND FOR PRODUCTION OF<br>DOCUMENTS; PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES |

Plaintiff Ligia Przybylska who resides in Mercer County, New Jersey by and through her attorneys Mashel Law, L.L.C. hereby complains against Defendants Nine West Holdings, Inc., Karen Curione, Tammy Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), as follows:

### IDENTIFICATION OF PARTIES

1.    Defendant Nine West Holdings, Inc. ("Nine West") formerly The Jones Group, Inc. is, at all times relevant hereto, was a publicly traded company (NYSE: JNY) which designs, markets, and wholesales apparel, footwear, jeans wear, jewelry, and handbags throughout the United States and internationally.



2.    Plaintiff Ligia Przybylska ("Przybylska") is, at all times relevant hereto, employed by Defendant Nine West as a Senior Treasury Analyst.

3.    Defendant Karen Curione ("Curione") is, at all times relevant hereto, employed by Defendant Nine West as a Vice President of Payment Services.

4.    Defendant Tammy Landers ("Landers") is, at all times relevant hereto, employed by Defendant Nine West's Treasury Director.

5.    Defendant John & Jane Does (1-10) is, at all times relevant hereto, is/are fictitious names for any presently unknown person or persons who, at times relevant hereto, incited, aided and abetted Nine West, jointly or severally, in the wrongful discharge of Plaintiff Przybylska as is alleged in this Complaint.

6.    Defendants XYZ Corporations (1-10) is/are fictitious names for any presently unknown corporation(s), partnership(s), business and/or entity who, at times relevant hereto, incited, aided and abetted Nine West, jointly or severally, in the retaliatory wrongful discharge of Plaintiff Przybylska as is alleged in this Complaint.

**GENERAL ALLEGATIONS**

7.    Nine West claims to be committed to the principle of equal employment opportunity for all employees.

8.    Nine West claims to provide its employees with a work environment free of discrimination and harassment.

9.    Nine West claims all employment decisions are based on business needs, job requirements and individual qualifications without regard to a person's characteristics, including, but not limited to, characteristics of handicap or disability.

10.   Nine West claims it will not tolerate discrimination or harassment based on an employee's characteristics including, but not limited to, characteristics of handicap or disability.

11.   On October 28, 2014, Przybylska was hired by Nine West at its Bristol, Pennsylvania, offices, as a Senior Treasury Analyst.

12.   Przybylska eventually came under the direct supervision of Landers, Nine West's Treasury Director.

13.   Landers reports directly to Curione, Vice President of Payment Services, who oversees all issues regarding accounts payable and treasury.

14.   Upon Przybylska's hire, it was clearly communicated to her that she was being hired into a "new position".

15.   During her tenure of employment with Nine West, Przybylska never had a formal written performance evaluation.

16.   During her tenure of employment with Nine West, Przybylska never received a written job performance warning of any kind.

17.   During her tenure of employment with Nine West, Przybylska was never the subject of any disciplinary action.

18.   During her tenure of employment with Nine West, Przybylska performed her job duties in a professional and diligent manner.

19.   During Przybylska's tenure of employment, Nine West considered Przybylska, to have performed her duties in a satisfactory manner.

20.   During Przybylska's tenure of employment, Nine West considered Przybylska, to be a good employee.

21. During Przybylska' s tenure of employment under Curione's supervision, Curione considered Przybylska to have performed her duties in a satisfactory manner.

22. During Przybylska' s tenure of employment under Curione's supervision, Curione considered Przybylska to be a good employee

23. During the time they both worked together at Nine West, Landers considered Przybylska to have performed her duties in a satisfactory manner.

24. During the time they both worked together at Nine West, Landers considered Przybylska to be a good employee.

25. On May 01, 2015, Curione convened a meeting of staff called a "Town Meeting" and announced a major layoff was to occur at Nine West's Bristol facility.

26. Przybylska was not included in the initial layoff and, while no assurances were made, Curione stated in Przybylska' s presence that the remaining accounts payable and treasury team should be "okay" since that department would have a heavier workload after the layoff.

27. Przybylska, at all times relevant hereto, suffers from a meningioma (brain tumor) diagnosed by MRI.

28. Przybylska's brain tumor was diagnosed to be benign in nature.

29. Przybylska's brain tumor was initially discovered in 2010 at which time Przybylska underwent surgery initially thought to be successful.

30. However, an MRI of the brain administered on May 05, 2015, revealed that the tumor had progressed.

31. At no time did Przybylska's benign brain tumor affect her job performance – either at Nine West or with any prior employer.

32. On May 07, 2015, Przybylska received an urgent call from the University of Pennsylvania Hospital ("HUP") in Philadelphia requesting her to talk to Dr. Julia Kharlip, an endocrinologist, with regard to the results of a MRI taken on May 05, 2015.

33. The next day, May 08, 2015, Przybylska called HUP first thing in the morning and was informed that she needed to see her physician immediately; it was strongly recommended that Przybylska see her physician that same day.

34. Przybylska scheduled a doctor's appointment at HUP for 2:30 pm later that same day of May 08, 2015.

35. After scheduling the said appointment, Przybylska walked into Curione's office to request approval to leave work early to attend the doctor's appointment.

36. After Przybylska Curione noticed that Przybylska was visibly upset, and asked Przybylska why she was upset.

37. Przybylska then informed Curione of her brain tumor and related health condition.

38. Curione permitted Przybylska to leave work early but requested an immediate update.

39. That same day of May 08, 2015, Przybylska also informed Landers over the telephone about her brain tumor and related health condition.

40. On May 09, 2015, at 9:30 am, Przybylska sent a text message to Curione containing a summary of Przybylska' s medical condition and the planned treatment of same which included the possible need for future brain surgery.

41.    At 9:33 am on May 09, 2015, Curione replied to Przybylska's text, "Thanks for the update and I wish you a positive outcome for such a positive person. Enjoy your weekend with your daughters. You deserve happiness. Happy Mother's Day!!"

42.    Przybylska then went on vacation from May 23, 2015, through May 29, 2015, and returned to work at Nine West on June 01, 2015.

43.    The very next day, on June 02, 2015, Przybylska was hand delivered a letter by Landers and Human Resources Manager Jennifer Petrillo signed by Senior Vice President of Human Resources, Kimberly Thomas, informing that her "position will be eliminated on June 19, 2015."

44.    Upon information and belief, the Senior Treasury Analyst position held by Przybylska was not truly eliminated: Gary Hanna, a Senior Accountant, was hired into the Treasury group to *de facto* take over the position.

45.    After Landers left the room they were in, Przybylska voiced her strong concern to Petrillo regarding the evident causal connection between the recent disclosure of her health condition and need for surgery, and Nine West's decision to terminate her employment.

46.    Petrillo asked if Landers and Curione knew about Przybylska's health condition and Przybylska confirmed that they did.

47.    Petrillo then asked to view the text message exchange of May 09, 2015 with Curione but Przybylska did not have her cellular telephone with her at the time.

48.    However, Przybylska did eventually share with Ms. Petrillo the text message exchange during her final week on the job.

49.    Notwithstanding showing Ms. Petrillo of Nine West's Human Resources Department the May 09, 2015 text exchange between Przybylska and Curione, Przybylska's job termination remained in effect.

50.  Following her termination from employment with Nine West, Przybylska learned the Senior Treasury Analyst position held by her was not eliminated but rather, Gary Hanna, a Senior Accountant, was hired into the Treasury group to *de facto* take over the position.

51.  The majority of employees subject to Nine West's reduction in force in June 2015 were given much more advance notice than she was of their imminent job terminations.

52.  Defendant Nine West terminated  Przybylska's employment because it did not want to accommodate what it foresaw as Przybylska's need to have time off or other forms of accommodation because of Przybylska's brain tumor in violation of the Americans With Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively referred to as the "ADA")

53.  Defendant Nine West terminated  Przybylska's employment because it did not want to accommodate what it foresaw as Przybylska's need to have time off or other forms of accommodation because of Przybylska's brain tumor in violation of the Pennsylvania Human Rights Act, 43 P.S. §§ 951 to 963 (the "PHRA").

54.  Defendant Nine West terminated Przybylska's employment in violation of the ADA because it perceived that Przybylska's brain tumor was disabling or would become disabling.

55.  Defendant Nine West terminated Przybylska's employment in violation of the PHRA because it perceived that Przybylska's brain tumor was disabling or would become disabling.

56.  Defendant Nine West terminated Przybylska's employment due to Przybylska's brain tumor.in violation of the ADA.

57. Defendant Nine West terminated Przybylska's employment due to Przybylska's brain tumor.in violation of the PHRA.

58. Defendants Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, incited, aided and abetted Nine West to terminate Przybylska's employment because they (or any one or more of them) did not want to accommodate what they foresaw as Przybylska's need to have time off or other forms of accommodation because of Przybylska's brain tumor in violation of the PHRA.

59. Defendants Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, incited, aided and abetted Nine West to terminate Przybylska's employment in violation of the PHRA because they (or any one or more of them) that Przybylska's brain tumor was disabling or would become disabling.

60. Defendants Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, incited, aided and abetted Nine West to terminate Przybylska's employment due to Przybylska's brain tumor in violation of the PHRA.

61. As a result of the unlawful actions undertaken by Defendants Nine West, Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, Plaintiff Przybylska has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

62. As a result of the unlawful actions undertaken by Defendants Nine West, Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, Plaintiff Przybylska has been and continues to suffer non-economic damages in the form of humiliation, stress, anger, sadness, and

anxiety causing him mental and emotional anguish and dysfunction, and physical manifestations of same including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite and loss of sleep, all or some of which may be permanent.

## COUNT I

### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT (DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE AND WRONGFUL DISCHARGE)

1.    Plaintiff repeats each and every allegation set forth in paragraphs 1 through and including 64 of the Complaint as if set forth at length herein.

2.    The United States Congress has declared, *inter alia*., "... historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem ... discrimination against individuals with disabilities persists in such critical areas as employment ..."; therefore, one of the purposes of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities". 42 U.S.C. § 12101(a)(2)-(3) and (b).

3.    Under the ADA, it is deemed unlawful for an employer to "discharge" an employee "on the basis of disability" and/or "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless such [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such [employer]." 42 U.S.C. § 12112(a) and (b)(5).

4. Under the ADA, and at all times relevant hereto, Przybylska was a disabled person within the meaning of the ADA, and was qualified to perform the essential functions of her job, with or without reasonable accommodation(s).

5. Nine West's treatment of Przybylska violates the ADA which prohibits unlawful employment discrimination against any person by reason of, among others, disabilities.

6. An employer is strictly liable for damages caused by discrimination committed by supervisors, by non-supervisory employees and in some instances by third parties if the employer knew or should have known about the conduct, had control over the conduct and failed to take prompt appropriate corrective action.

7. Nine West discriminated against Przybylska by failing to reasonably accommodate her by providing her with time off to treat her brain tumor in violation of ADA.

8. Nine West discriminated against Przybylska by wrongfully discharging her employment due to her brain tumor in violation of ADA.

9. As a direct and proximate cause of Defendants' acts and omissions as aforesaid, Plaintiff Przybylska has been discharged from her position of employment with Nine West.

10. As a result of the discriminatory actions undertaken by Nine West, Plaintiff Przybylska has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

11.     As a result of the unlawful acts and omissions of Defendant Nine West, Plaintiff Przybylska has been and continues to suffer non-economic damages in the form of humiliation, stress, anger, sadness,   and   anxiety causing her mental and emotional anguish and dysfunction, and physical manifestations of same including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite and loss of sleep, all or some of which may be permanent.

12.     On December 9, 2015, the United States Equal Employment Opportunity Commission issued Plaintiff Przybylska a Notice of Right To Sue under EEOC Charge No. 530-2015-04321.

    **WHEREFORE,** Plaintiff, Ligia Przybylska, demands judgment against Defendant Nine West Holdings, Inc. as follows:

a.     Directing Defendant to make Plaintiff Przybylska whole for any and all losses she has suffered in the past, present and in the future in terms of lost wages, benefits, insurance and pension coverage, and any other fringe benefits of his employment;

b.     Directing Defendant, in lieu of reinstating Plaintiff Przybylska to her former position with Nine West Holdings, Inc. to fully compensate her with front pay and benefits for the aforementioned unlawful acts;

c.     Directing Defendants to pay Plaintiff Przybylska compensatory and consequential damages for any and all non-economic damages including, but not limited to, mental and emotional distress damages, suffered as a result of Defendants' violation of the ADA;

d.     Directing Defendant to pay Plaintiff Przybylska punitive damages on the grounds that the acts of Defendants and its agents, servants and

employees were especially egregious, evil minded and/or were committed with a wanton and willful disregard for the rights of Plaintiff;

e.  Directing Defendant to pay Plaintiff Przybylska for all of her attorneys' fees and costs;

f.  Awarding interest and costs of suit;

g.  Plaintiff requests equitable relief in the form of the Court declaring that the practices of the named Defendants contested herein violate New Jersey law as set forth herein;

h.  Plaintiff requests equitable relief in the form of the Court ordering the named Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other persons similarly situated;

i   Plaintiff requests equitable relief in the form of the Court ordering Defendant Nine West Holdings, Inc. to expunge and other purge from its files and records including, but not limited to, Plaintiff's personnel file maintained by the said Defendant any reference which violates the statutes implicated in the above captioned action; and

j.  Granting Plaintiff such relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT - FAILURE TO ACCOMMODATE AND WRONGFUL DISCHARGE)

1.  Plaintiff repeats each and every allegation set forth in paragraphs 1 through and including 64 and Count I of the Complaint as if set forth at length herein.

2.  Under the Pennsylvania Human Relations Act (PHRA) it is unlawful, "[f]or any employer because of the ... non-job related handicap or disability ... of any individual or independent contractor, to refuse to ... employ ... or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to ... tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required." 43 P.S. § 955(a).

3.  Under the PHRA, and at all times relevant hereto, Przybylska was a disabled person within the meaning of the PHRA, and was qualified to perform the essential functions of her job, with or without reasonable accommodation(s).

4.  Nine West's treatment of Przybylska violates the PHRA which prohibits unlawful employment discrimination against any person by reason of, among others, disabilities.

5.  Nine West discriminated against Przybylska by failing to reasonably accommodate her by providing her with time off to treat her brain tumor in violation of PHRA.

6.  Nine West discriminated against Przybylska by wrongfully discharging her employment due to her brain tumor in violation of PHRA.

7.  An employer is strictly liable for damages caused by discrimination committed by supervisors, by non-supervisory employees and in some instances by third parties if the employer knew or should have known about the conduct, had control over the conduct and failed to take prompt appropriate corrective action.

8.  Under the PHRA individual supervisory employees can be held liable for aiding, abetting, inciting or compelling a discriminatory act. 42 Pa. Con. Stat. Ann. § 955(e).

9.     A supervisor's liability can be predicated upon direct acts of discrimination or on the failure of discrimination or the failure to prevent discrimination by others.

10.    Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, aided, abetted, incited or compelled Nine West to discriminate against Przybylska by failing to reasonably accommodate Przybylska by failing to provide her with time off to treat her brain tumor in violation of PHRA.

11.    Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, aided, abetted, incited or compelled Nine West to discriminate against Przybylska by wrongfully discharging her employment due to her brain tumor in violation of PHRA.

12.    As a direct and proximate cause of Defendants' acts and omissions as aforesaid, Plaintiff Przybylska has been discharged from his position of employment with Nine West.

13.    As a result of the discriminatory actions undertaken by Nine West, Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, Plaintiff Przybylska has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

14.    As a result of the unlawful acts and omissions of Defendant Nine West, Curione, Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or individually, Plaintiff Przybylska has been and continues to suffer non-economic damages in the form of humiliation, stress, anger, sadness, and anxiety causing her mental and emotional anguish and dysfunction, and physical manifestations of same including, but not limited to, nervousness, anxiousness, sleeplessness, loss of appetite and loss of sleep, all or some of which may be permanent.

**WHEREFORE,** Plaintiff, Ligia Przybylska, demands judgment against Defendant Nine West Holdings, Inc., Karen Curione, Tammy Landers, John and Jane Doe 1-10 and XYZ Corporation (1-10), jointly or severally, as follows:

a.   Directing Defendants to make Plaintiff Przybylska whole for any and all losses she has suffered in the past, present and in the future in terms of lost wages, benefits, insurance and pension coverage, and any other fringe benefits of his employment;

b.   Directing Defendants, in lieu of reinstating Plaintiff Przybylska to her former position with Nine West Holdings, Inc. to fully compensate her with front pay and benefits for the aforementioned unlawful acts;

c.   Directing Defendants to pay Plaintiff Przybylska compensatory and consequential damages for any and all non-economic damages including, but not limited to, mental and emotional distress damages, suffered as a result of Defendants' violation of the PHRA;

d.   Directing Defendants to pay Plaintiff Przybylska punitive damages on the grounds that the acts of Defendants and its agents, servants and employees were especially egregious, evil minded and/or were committed with a wanton and willful disregard for the rights of Plaintiff;

e.   Directing Defendants to pay Plaintiff Przybylska for all of her attorneys' fees and costs;

f.   Awarding interest and costs of suit;

g.   Plaintiff requests equitable relief in the form of the Court declaring that the practices of the named Defendants contested herein violate New Jersey law as set forth herein;

h.    Plaintiff requests equitable relief in the form of the Court ordering the named Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other persons similarly situated;

i    Plaintiff requests equitable relief in the form of the Court ordering Defendant Nine West Holdings, Inc. to expunge and other purge from its files and records including, but not limited to, Plaintiff's personnel file maintained by the said Defendant any reference which violates the statutes implicated in the above captioned action; and

j.    Granting Plaintiff such relief as the Court deems just and proper.

MASHEL LAW, L.L.C.
Attorneys for Plaintiff Ligia Przybyslka

Dated: December 30, 2015

_____
STEPHAN T. MASHEL, ESQUIRE

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable in this action.

## DESIGNATED TRIAL ATTORNEY

Stephan T. Mashel, Esquire is hereby designated as plaintiff's trial attorney.

## CERTIFICATION

I hereby certify to the best of my personal knowledge that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration contemplated, nor any other parties to be joined EXCEPT for the joinder of the true persons in interest whose names are identified herein as Defendants John and Jane Doe 1-10, and XYZ Corporations (1-10).

MASHEL LAW, L.L.C.
Attorneys for Plaintiff Ligia Przybyslka

Dated: December 30, 2015

STEPHAN T. MASHEL, ESQUIRE

## NOTICE PROHIBITING SPOLIATION OF EVIDENCE

PLEASE TAKE NOTICE, Defendant's failure to prevent spoliation of evidence can result in severe sanctions being imposed by the Court. Furthermore, Defendant's obligations to preserve documents and things for discovery in this case arise in law and equity independent of any Order of court or notice from our office. Defendant is hereby placed on notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on computers and storage media (e.g., hard drives, hard disks, floppy disks, backup tapes, email accounts), or any other electronic data maintained by the named Defendants, such as surveillance or voice mail, that may be construed in any manner as potentially discoverable information in this litigation.

## (A) AS TO THE PRESERVATION OF VIDEOS, SURVEILLANCE MATERIALS, OUT-TAKES, PHOTOGRAPHS, ETC.: