<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LIGIA PRZYBYLSKA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. Action No. 16-0637-BRM-LHG |
| v. | : | |
| | : | |
| NINE WEST HOLDINGS, INC., KAREN | : | |
| CURIONE, TAMMY LANDERS, JOHN & | : | **OPINION** |
| JANE DOE(S) 1-10, and XYZ CORPORATION | : | |
| (1-10), | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by Plaintiff Ligia Przyblyska ("Plaintiff") (ECF No. 33) of Magistrate Judge Lois H. Goodman's December 19, 2016 Order denying Plaintiff's discovery request (ECF No. 30). Defendants Nine West Holdings, Inc. ("Nine West"), Karen Curione ("Curione"), and Tammy Landers ("Landers") (collectively, "Defendants") oppose the appeal. Upon reviewing the papers submitted by counsel, and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78, for the reasons set forth below and for good cause having been shown, Plaintiff's appeal is **DENIED** and Magistrate Judge Goodman's Order is **AFFIRMED**.

## I.    BACKGROUND

On January 4, 2015, Plaintiff filed a Complaint against her former employer, Nine West, her former managers, Curione and Landers, and various individual and corporate Does, alleging employment disability discrimination and failure to accommodate a disability in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (Count I) and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951, et seq., (Count II). (ECF No. 1.) Plaintiff alleges she was terminated by Defendants shortly after, and because, she disclosed to Defendants that she was suffering from a brain tumor, which would likely require brain surgery and an extended period of post-surgical recovery. (*Id.* at ¶¶ 7-62.) Defendants assert, in affirmative defense, that Plaintiff was terminated in "good faith and for legitimate business reasons unrelated to Plaintiff's handicap or disability." (Nine West's Answer and Affirmative Defenses (ECF No. 6) at 10; Curione and Landers' Answer and Affirmative Defenses (ECF No. 8) at 10.)

Judge Goodman presided over, and continues to preside over, the discovery issues between the parties in this matter. Pursuant to Judge Goodman's initial Pretrial Scheduling Order, dated May 10, 2016, the parties were given until September 30, 2016 to complete discovery. (ECF No. 7.) On July 29, 2016, Judge Goodman extended the discovery deadline to December 20, 2016. (ECF No. 10.) In the interim, multiple discovery disputes arose amongst the parties. Accordingly, Judge Goodman presided over a telephonic case management conference with the parties on December 9, 2016, at which she ruled on the parties' discovery requests. (Tr. of December 9, 2016 Telephonic Conference (ECF No. 31).) On December 19, 2016, Judge Goodman filed an Order memorializing her rulings at the December 9, 2016 telephonic conference. (ECF No. 30.)

Plaintiff now appeals one of Judge Goodman's rulings in the December 19, 2016 Order, specifically, Judge Goodman's denial of Plaintiff's request for Defendants to produce all documents and information concerning the investigation by Nine West into an anonymous complaint made by a Nine West employee against Karen Curione. The anonymous complaint at issue was produced by Defendants to Plaintiff as part of the initial round of discovery in this case. In the complaint, which was submitted several months after Plaintiff's termination, the anonymous

employee claims Curione is a "vulgar, unprofessional, manipulator, control freak, con artist, spiteful, disrespectful . . . [and] [s]he promotes a negative atmosphere." (Decl. of Peter D. Valenzano (ECF No. 33-2), Ex. B at 28.) The employee also claims Curione has made him or her "manipulate/change/transpose numbers on spreadsheets" and "if you go against her, she'll make your job impossible to try to run you out of the company." (*Id.*) Additionally, the anonymous employee accuses Curione of blaming her subordinates for her own mistakes "when things backfire on her." (*Id.*)

Plaintiff argued before Judge Goodman that the requested documents and information concerning Nine West's investigation into the anonymous complaint were relevant to Plaintiff's claims, because they would "help defeat Defendants' Affirmative Defenses, support Plaintiff's claim that [D]efendants' claim she was a poor performer is a pretext *pro hoc* fabrication designed to cover-up their own performance shortcomings and discriminatory *animus*, and to attack Karen Curione's credibility." (Joint Letter Regarding Discovery Disputes (ECF No. 25) at 5-6.) Plaintiff asserted "circumstantial evidence of discrimination can be highly probative, including evidence that the employer has discriminated against members of other classes." (*Id.* at 6 (quotations omitted) (citing *Fuentes v. Perskie*, 32 F.3d 759, 756 (3d Cir. 1994) and *Glass v. Philadelphia Electric Co.*, 34 F.3d 188, 194-95 (3d Cir. 1994)).) Plaintiff also argued Defendants had failed to make a showing as to how the requested documents and information would be too burdensome to produce.

Defendants objected to Plaintiff's discovery request, arguing it was "overbroad, unduly burdensome, not properly limited in time or scope, and not proportional to the needs of the case." (ECF No. 25 at 4.) Specifically, Defendants argued the requested information was not relevant, because the anonymous complaint does not allege discrimination of any kind by Curione, let alone

disability discrimination. (*Id.* at 4-5.) And, furthermore, the complaint was submitted several months after Plaintiff was terminated from her employment. (*Id.*) Defendants also objected to the request "to the extent it seeks confidential information, the disclosure of which may constitute an invasion of privacy" (*id.* at 4), but do not re-raise any confidentiality concerns in opposition to Plaintiff's appeal (*see* Defs.' Opp'n to Pl.'s Mot. to Reverse Magistrate Judge Lois H. Goodman's December 19, 2016 Order (ECF No. 34)).[1]

Ultimately, Judge Goodman found the discovery request was not relevant to Plaintiff's claims and, accordingly, denied the request. (ECF No. 31 at 12:15-13:11.) This appeal followed.

## II.   LEGAL STANDARD

### A.  Appeal of Magistrate Judge's Decision

With respect to a district judge's review of a magistrate judge's decision, Fed. R. Civ. P. 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide that "[a] Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly

---

[1] As Plaintiff points out, the parties entered into a confidentiality agreement on October 6, 2016 that may have assuaged Defendants' concerns about confidentiality of the requested documents and information. (*See* ECF No. 15.)

erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### B. Discovery Requests

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also Cole's Wexford Hotel, Inc. v. Highmark Inc*., Civ. No. 10-1609, 2016 U.S. Dist. LEXIS 127793, at *34 (W.D. Pa. Sep. 20, 2016) (setting forth the history of Fed. R. Civ. P. 26(b)(1)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." "A party moving to compel discovery bears the initial burden of proving the relevance of the requested information." *Cope v. Brosius*, Civ. No. 12-2382, 2016 U.S. Dist. LEXIS 139679, at *6 (M.D. Pa. Oct. 7, 2016) (citing

*Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001)); *see also Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). If a discovery request is not relevant to the requesting party's claims or defenses, or is not proportional to the needs of the case, the reviewing court should deny the discovery request. Fed. R. Civ. P. 26(b)(1); *see EEOC v. Univ. of Pa.,* 850 F.2d 969, 979 (3d Cir. 1988) (noting that "relevancy is the touchstone of any discovery request") (citing 8 C. Wright & A. Miller, Federal Practice & Procedure § 2008, at 41 (1970)) ("Perhaps the single most important word in Rule 26(b) is 'relevant' for it is only relevant matter that may be subject to discovery.").

### III.   DECISION

On appeal, Plaintiff's position remains essentially unchanged from the arguments she made before Judge Goodman. Plaintiff reiterates that the requested documents and information related to the anonymous complaint against Curione are relevant because: (1) evidence that Curione blames her subordinates for her own mistakes and forces her subordinates to "manipulate/change/transpose numbers on spreadsheets" can be used to undercut the potential affirmative defense that Plaintiff was fired because she was a poor performer, rather than because of her disability; (2) evidence of Curione's bad behavior as a manager can generally be used to attack Curione's credibility; and (3) investigatory documents "may reveal [Curione's] habit of throwing her subordinate employees under the proverbial bus in order to save her own skin." (Pl.'s Br. in Supp. of an Appeal from the December 19, 2016 Order of the Hon. Lois Goodman, U.S.M.J. (ECF. No. 33-1) at 13-14.) In support of these assertions, Plaintiff cites to *Abrams v. Lightolier,* 50 F.3d 1204, 1214 (3d Cir. 1995), in which the Third Circuit found relevant to the plaintiff's claims of employment age discrimination, circumstantial evidence that the plaintiff's employer discriminated against other older employees. *See also Fuentes*, 32 F.3d at 765 (circumstantial

evidence of discrimination includes evidence "that the employer in the past had subjected [the plaintiff] to unlawful discriminatory treatment, that the employer treated other, similarly situated persons out of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons").

Judge Goodman addressed these arguments at the December 9, 2016 telephonic conference as follows:

> All right. So now Number 4 is the anonymous complaint against Karen Curione; I have read this. Does anybody have anything to add on this? I have to tell you I'm perplexed by it. It came in after Ms. Przybylska's termination. I have read the anonymous complaint, and it is signed by a concerned employee, who could be anybody, complaining about Karen Curione as being vulgar, manipulative, spiteful, but not discriminatory. So I'm not sure where it has anything to do with this case.
>
> * * *
>
> Well, I guess I don't see that it dovetails with that. I really don't see where it connects with anything.
>
> If Ms. Curione is a dragon employer, and just the nastiest person, but she [is] nasty to everybody, I don't see how that's evidence of discrimination or retaliation for a disability.
>
> I'm going to deny this request. I just don't see where it ties in. And you've gotten her personnel file, obviously it wasn't important enough to Nine West to put in her personnel file. So I think that gives you some indication of where any investigation that may have been conducted went. But I just don't see that it ties in.
>
> * * *
>
> . . . I don't see that you've made the connection between an anonymous complaint filed after plaintiff was terminated with regard to Ms. Curione that has no discriminatory hints to it, just bad management style from a disgruntled employee.

(ECF No. 31 at 8:19-13:11.)

The Court is not persuaded by Plaintiff's argument that Judge Goodman clearly erred in finding the requested information irrelevant, when it had no bearing on Defendants' tendency to discriminate toward employees with disabilities, or indeed discriminate towards any protected class of employees. In this regard, the Court agrees evidence that a manager is universally unpleasant to all her employees, does not tend to show the manager likely discriminated against a particular class of employees. As such, the requested information is not relevant to either Plaintiff's claims of disability discrimination and failure to accommodate, or Defendants' affirmative defense that Plaintiff was terminated in good faith and for legitimate business reasons unrelated to her handicap or disability. Moreover, even if this Court would have decided the issue differently, it would not substitute its judgment for that of the Magistrate Judge, because "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *See Waterman*, 755 F.3d at 174 (quoting *Anderson*, 470 U.S. at 574). Certainly, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum*, 131 F.R.D. at 65 (quoting *U.S. Gypsum*, 333 U.S. at 395).

Plaintiff further argues Judge Goodman erred in finding the discovery request irrelevant to Plaintiff's claims, because "Magistrate Judge Goodman failed to consider the difference between admissibility at trial and discoverability under the federal rules." (ECF. No. 33-1 at 10.) However, there is no evidence in the record below that Judge Goodman denied Plaintiff's discovery request because she found the requested information to be inadmissible. To the contrary, Judge Goodman clearly couches her decision in terms of the relevancy of the requested information to Plaintiff's claims, not in the information's ultimate admissibility at trial. Therefore, the Court finds Judge Goodman's Order is not "contrary to law," because Judge Goodman did not misinterpret or

misapply the law as it was before her. *See Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's appeal (ECF No. 33) is **DENIED** and Magistrate Judge Goodman's Order is **AFFIRMED**.

**Date: February 14, 2017**                    */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**